Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4611 N. Ravenswood Ave., Suite 201
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
ENOVY JOHNSON

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| ENOVY JOHNSON, | ) |
| Plaintiff, | ) Case No.: |
| v. | ) |
| | ) **PLAINTIFF'S COMPLAINT** |
| DYNAMIC RECOVERY SOLUTIONS, LLC, | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ENOVY JOHNSON ("Plaintiff"), through his attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

1

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6. Plaintiff is a natural person residing in Suisun City, Solano County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

8. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in Greenville, Greenville County, South Carolina.

13. Defendant is a business entity engaged in the collection of debt within the State of California.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third

parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect a student loan debt from Plaintiff.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

22. Within one year of this Complaint being filed, Defendant began communicating with Plaintiff in an attempt to collect the alleged debt.

23. When Plaintiff answered one of Defendant's calls, Defendant's collector told Plaintiff that Plaintiff's taxes would be withheld if she did not pay the debt or make payment arrangements with Defendant.

24. In reliance on these comments, Plaintiff set up a payment plan with Defendant's collector to pay $175 per month.

25. Plaintiff did not sign anything in writing allowing Defendant to automatically withdraw funds from her personal checking account.

26. Defendant withdrew funds from Plaintiff's personal checking on the following months:

   a. December 2014 in the amount of $175.00;

    b. January 2015 in the amount of $175.00;

    c. February 2015 in the amount of $175.00;

    d. March 2015 in the amount of $175.00;

    e. April 2015 in the amount of $175.00; and

    f. May 2015 in the amount of $175.00.

27. Plaintiff did not receive written notification from Defendant prior to the withdrawals being made from Plaintiff's personal checking account.

28. Plaintiff paid her bank $30 in order to stop payment on the automatic withdrawals by Defendant.

29. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owes.

30. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

31. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt when Defendant, throughout the first half of 2015, contacted Plaintiff by phone and mail in connection with an alleged debt which Plaintiff had previously been making automatic electronic recurring payments towards the alleged debt;

    b. Defendant violated §1692f(1) by collecting a debt from Plaintiff and making automated withdrawals from Plaintiff's personal checking account when Plaintiff did not sign anything in writing giving Defendant authorization to make the automated withdrawals;

    c. Defendant violated §1692f(2) by collecting a debt from Plaintiff and making automated withdrawals from Plaintiff's personal checking account when Defendant did not send Plaintiff anything in writing to notify Plaintiff of Defendant's intent to withdraw the funds from Plaintiff's account.

WHEREFORE, Plaintiff, ENOVY JOHNSON, respectfully requests judgment be entered against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, for the following:

33. Actual damages of $1,080.00;

34. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

35. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

36. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff repeats and re-alleges paragraphs 1-31 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

38. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

5

WHEREFORE, Plaintiff, ENOVY JOHNSON, respectfully requests judgment be entered against Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, for the following:

39. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

40. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

41. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: February 11, 2016        AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
    Michael S. Agruss
    Attorney for Plaintiff
    ENOVY JOHNSON